UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

BATTENFELD TECHNOLOGIES, INC.,

    Plaintiff,

v.

BIRCHWOOD LABORATORIES, INC.,

    Defendant.

No. _____

**COMPLAINT FOR PATENT FALSE MARKING, LANHAM ACT FALSE ADVERTISING, AND MISSOURI COMMON LAW UNFAIR COMPETITION**

**JURY TRIAL DEMANDED**

For its claims against defendant Birchwood Laboratories, Inc. ("Birchwood"), plaintiff Battenfeld Technologies, Inc. ("BTI") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action to enjoin and remedy: patent false marking under 35 U.S.C. § 292, false advertising under 15 U.S.C. § 1125(a), and unfair competition under Missouri common law.

2. This action arises out of Birchwood's false patent marking and false advertising with respect to its shooting targets.

## PARTIES

3. BTI is a Missouri corporation having its principal place of business at 5885 W. Van Horn Tavern Road, Columbia, Missouri 65203. BTI designs, invents, markets and sells products for use in the sport-shooting industry, including shooting targets.

4. Upon information and belief, defendant Birchwood is a Minnesota corporation having its principal place of business at 7900 Fuller Road, Eden Prairie, Minnesota 55344. On

1- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19288607.1
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 1 of 16

information and belief, Birchwood is engaged in the business of selling or offering for sale shooting sports products and other products in Missouri, either on its own or through its agents, including shooting targets that it sells in direct competition with shooting targets sold by BTI.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims of this Complaint under the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1355, because these claims arise under the patent and unfair competition laws of the United States. This Court has supplemental jurisdiction over BTI's state claims pursuant to 28 U.S.C. § 1367 because they are so related to BTI's federal patent and unfair competition claims that they form part of the same case or controversy.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and Birchwood is subject to personal jurisdiction in this district.

7.  This Court has personal jurisdiction over Birchwood because it regularly transacts business in Missouri and this action is based upon Birchwood's commercial activities carried on in Missouri. Birchwood's activities have had a substantial, direct, and reasonably foreseeable effect on business and commerce in this district, in Missouri, and on interstate commerce. Birchwood sells and offers to sell its products in Missouri under its own name and under private labels, including the falsely marked shooting products that are the subject of this action.

2- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19328807.1
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 2 of 16

# FACTUAL BACKGROUND

8.  BTI is in the business of designing, inventing, marketing and selling products for use in the sport-shooting industry. BTI has invested significant resources in developing, patenting, marketing and selling technologies related to sport shooting.

9.  Birchwood is one of BTI's competitors in the provision of products for the sport-shooting industry. Birchwood is in the business of designing, manufacturing, selling or offering for sale products for use in the sport-shooting industry, either on its own or through its agents. Birchwood is a sophisticated corporation with patent experience, has legal counsel available to it, and has filed litigation regarding patent rights.

10. One portion of the sport-shooting market involves the manufacture and sale of shooting targets that incorporate flake-off technology. Flake-off technology is a formulation, surface treatment, or construction of a shooting target which causes an outer ink layer on the surface of the target, when struck by a projectile, to fracture around the projectile-impact site and make more visually obvious the location of the impact site by exposing an underlying surface or ink layer having a contrasting appearance. "Flake-off technology" also includes methods of manufacturing targets having such a capability.

11. Birchwood markets at least three shooting-target product lines that include flake-off technology: Shoot-N-C®, Dirty Bird®, and Big Burst™.

12. BTI markets shooting-target products that include flake-off technology in direct competition with Birchwood's flake-off targets, including the Orange Peel®-brand animal, silhouette, sight-in, and bull's-eye targets.

3- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19288607.1
1075.1

Case 3:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 3 of 16

13. As part of its efforts to gain and build its share of the flake-off shooting targets market, Birchwood has filed for and obtained patents purportedly covering some of the shooting-target products it sells or offers for sale.

14. Birchwood purports to be the sole owner and assignee of U.S. Patent No. 5,188,371 to Edwards, titled *Reusable Projectile Impact Reflecting Target for Day or Night Use*, which was issued on February 23, 1993 ("the '371 patent"). A copy of the '371 patent is attached hereto as Exhibit 1.

15. The '371 patent includes 14 claims directed to reusable projectile impact reflecting targets, including one independent claim and thirteen claims depending therefrom.

16. Independent claim 1 of the '371 patent recites:

> A reusable projectile impact reflecting target for day or night use comprising in combination:
>
> a target base and a primary target label,
>
> said target base comprising sheet of backing material substantially forming an overall shape, said target base having an outer surface with a target outline imprinted thereon,
>
> said primary target label comprising a bottom paper layer and a top plastic film layer,
>
> said bottom paper layer comprising a sheet of paper having a forward and a rear surface, said rear surface adapted to be releasably mounted within said target outline, said forward surface having a colored photoreflective ink thereon,
>
> said plastic film layer comprising a transparent strip of plastic having a front and back surface, said back surface, adapted to be mounted on said forward surface of said paper layer, said front surface defining a target image of contrasting colored image contrasting in color to the color of said photoreflective ink, said contrasting ink being adhered to said front surface but not being permanently bonded thereto,
>
> whereby when said primary target label is releasably mounted on said target base, the penetration of a projectile causes said contrasting colored ink to be removed from the plastic film layer

4- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19328807.1
1075.1

Case 3:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 4 of 16

front surface point of penetration exposing a clear area larger than the penetration point of the projectile, thereby exposing the photoreflective ink paper layer.

17. Birchwood purports to be the sole owner and assignee of U.S. Patent No. 5,580,063 to Edwards, titled *Reusable Projectile Impact Reflecting Target for Day or Night Use*, which was issued on December 3, 1996 ("the '063 patent"). A copy of the '063 patent is attached hereto as Exhibit 2.

18. The '063 patent includes one claim directed to reusable projectile impact reflecting targets.

19. Independent claim 1 of the '063 patent recites:

> A reusable projectile impact reflecting target for day or night use comprising in combination:
>
> a target base and a primary target label,
>
> said target base comprising sheet of backing material substantially forming an overall shape, said target base having an outer surface with a target outline imprinted thereon,
>
> said primary target label comprising a bottom paper layer and a top plastic film layer, said bottom paper layer comprising a sheet of paper having a forward and a rear surface, said rear surface adapted to be releasably mounted within said target outline, said forward surface having a colored photoreflective ink thereon,
>
> said plastic film layer comprising a transparent strip of plastic having a front and back surface, said back surface, adapted to be mounted on said forward surface of said paper layer, said front surface defining a target image of contrasting colored image contrasting in color to the color of said photoreflective ink, said contrasting ink being adhered to said front surface by a silicone release agent but not being permanently bonded thereto,
>
> whereby when said primary target label is releasably mounted on said target base, the penetration of a projectile causes said contrasting colored ink to be removed from the plastic film layer front surface point of penetration exposing a clear area larger than the penetration point of the projectile, thereby exposing the photoreflective ink paper layer.

5- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19288607.1
1075.1

Case 3:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 5 of 16

20. Birchwood marks its Dirty Bird™ Target products, catalogs, marketing materials, advertising, and product packaging with the '371 and '063 patent numbers. A copy of a representative Dirty Bird® Target product and packaging is attached as Exhibit 3.

21. Birchwood's Dirty Bird™ Target products are unpatented and not covered by any claim of either of the '371 and '063 patents, or any other Birchwood patent. For example, the Dirty Bird™ Target products lack at least a "bottom paper layer comprising a sheet of paper having a forward and a rear surface, said rear surface adapted to be releasably mounted within [a] target outline," as required by independent claim 1 of each patent. An example of a falsely marked Dirty Bird™ product is the 8-inch Bull's Eye Target (25-pack of which is product number 35825), and a copy of a Dirty Bird™ 8-inch Bull's Eye Target and packaging is attached as Exhibit 3.

22. Birchwood knows that its Dirty Bird™ Target products do not include a "bottom paper layer comprising a sheet of paper having a forward and a rear surface, said rear surface adapted to be releasably mounted within [a] target outline[.]," as required by independent claim 1 of the '371 and '063 patents.

23. Birchwood marks its Big Burst™ Revealing Targets products, catalogs, marketing materials, advertising, and product packaging with the '371 and '063 patent numbers. A copy of the product packaging with product for a representative Big Burst™ Revealing Target, reduced to fit standard size paper, is attached as Exhibit 4.

24. Birchwood's Big Burst™ Revealing Targets are unpatented and not covered by any claim of either of the '371 and '063 patents, or any other Birchwood patent. For example, the Big Burst™ Revealing Targets lack at least a "target base comprising [a] sheet of backing

6- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

material substantially forming an overall shape, said target base having an outer surface with a target outline imprinted thereon," as required by independent claim 1 of each patent. An example of a falsely marked Big Burst™ product is the 8-inch / 4-inch Target pack (product number 36818), and a copy of the Big Burst™ 8-inch / 4-inch Target pack and packaging, reduced to fit standard paper size, is attached as Exhibit 4.

25. Birchwood knows that its Big Burst™ Revealing Targets do not include a "target base comprising [a] sheet of backing material substantially forming an overall shape, said target base having an outer surface with a target outline imprinted thereon[.]," as required by independent claim 1 of the '371 and '063 patents.

26. Birchwood marks its Shoot-N-C® Bull's Eye, Silhouette, Sight-In, and Display products, catalogs, marketing materials, advertising, and product packaging with the '371 and '063 patent numbers. A copy of the product packaging with product for a representative Shoot–N-C® product is attached as Exhibit 5.

27. Birchwood's Shoot-N-C® Bull's Eye, Silhouette, Sight-In, and Display products are unpatented and not covered by any claim of either of the '371 and '063 patents, or any other Birchwood patent. For example, the Shoot-N-C® Bull's Eye, Silhouette, Sight-In, and Display products lack at least a "target base comprising [a] sheet of backing material substantially forming an overall shape, said target base having an outer surface with a target outline imprinted thereon," as required by independent claim 1 of each patent. An example of a falsely marked Shoot-N-C® product is the 8-inch Bull's Eye (product number 34805), a copy of the Shoot-N-C® 8-inch Bull's Eye and product packaging is attached hereto as Exhibit 5.

7- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19328807.1
1075.1

Case 3:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 7 of 16

28. Birchwood knows that its Shoot-N-C® Bull's Eye, Silhouette, Sight-In, and Display products do not include a "target base comprising [a] sheet of backing material substantially forming an overall shape, said target base having an outer surface with a target outline imprinted thereon[.]," as required by independent claim 1 of the '371 and '063 patents.

29. Birchwood polices and asserts its intellectual property rights by, for example, updating the trademark status of its products from ™ to ® as appropriate and by prosecuting trademark- and patent-related suits.

30. The purpose of the false marking statute, 35 U.S.C. § 292, is to ensure that the public receives accurate notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.

31. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, then potential competitors may be dissuaded from entering the same market.

32. On information and belief, Birchwood regularly reviews the text, including the false patent markings, that is placed on its target products, marketing materials, catalogs, and product packaging.

33. Birchwood's false marking of its target products that include flake-off technology has injured the public by discouraging and/or deterring competition, resulting in higher prices in the marketplace for targets that include flake-off technology.

34. Birchwood's false marking of its target products that include flake-off technology has injured BTI, including, but not limited to, stifling competition in a market in which BTI

8- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19328807.1
1075.1
Case 3:10-cv-04224-NKL Document 1 Filed 10/13/10 Page 8 of 16

competes, diverting BTI's sales and causing BTI to lose the goodwill of its customers or potential customers.

# FIRST CLAIM FOR RELIEF: PATENT FALSE MARKING UNDER 35 U.S.C. § 292
# COUNT ONE: DIRTY BIRD®

35. BTI repeats and re-alleges the allegations of paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Birchwood's marking of its Dirty Bird™ target products with the '371 and '063 patent numbers was and is a false statement because those products are not covered by any of the claims in either the '371 patent or the '063 patent.

37. Birchwood's false marking was done for the purpose of deceiving, and with the intent to deceive, the public because the patent markings were and are misrepresentations regarding the patent status of the Dirty Bird® Target products and Birchwood had knowledge of this falsity.

38. Birchwood knew that its Dirty Bird® Target products were falsely marked.

39. Birchwood's false marking was done with bad faith and malice or reckless indifference to BTI's and consumers' interests.

40. Birchwood's bad faith false marking of its Dirty Bird® Target products makes this an exceptional case within the meaning of 35 U.S.C. § 285.

41. Birchwood continues to mark falsely its Dirty Bird® Target products and, unless enjoined by this Court, will continue to mark falsely.

9- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19328807.1
1075.1

Case 3:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 8 of 16

42. Birchwood should be fined in an amount up to $500 for each item marked falsely since February 23, 1993 (the issue date of the '371 patent), pursuant to 35 U.S.C. § 292. BTI is entitled to one-half the penalty levied against Birchwood, with the other half to the use of the United States.

## COUNT TWO: BIG BURST™

43. BTI repeats and re-alleges the allegations of paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Birchwood's marking of its Big Burst™ Revealing Targets with the '371 and '063 patent numbers was and is a false statement because those products are not covered by any of the claims in either the '371 patent or the '063 patent.

45. Birchwood's false marking was done for the purpose of deceiving, and with the intent to deceive, the public because the patent markings were and are misrepresentations regarding the patent status of the Big Burst™ Revealing Targets products and Birchwood had knowledge of this falsity.

46. Birchwood knew that its Big Burst™ Revealing Targets products were falsely marked.

47. Birchwood's false marking was done with bad faith and malice or reckless indifference to BTI's and consumers' interests.

48. Birchwood's bad faith false marking of its Big Burst™ Revealing Targets products makes this an exceptional case within the meaning of 35 U.S.C. § 285.

49. Birchwood continues to mark falsely its Big Burst™ Revealing Targets products and, unless enjoined by this Court, will continue to mark falsely.

10- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19238860.7
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 10 of 16

50. Birchwood should be fined in an amount up to $500 for each item marked falsely since February 23, 1993 (the issue date of the '371 patent), pursuant to 35 U.S.C. § 292. BTI is entitled to one-half the penalty levied against Birchwood, with the other half to the use of the United States.

### COUNT THREE: SHOOT•N•C®

51. BTI repeats and re-alleges the allegations of paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Birchwood's marking of its Shoot-N-C® Bull's Eye, Silhouette, Sight-In, and Display target products with the '371 and '063 patent numbers was and is a false statement because those products are not covered by any of the claims in either the '371 patent or the '063 patent.

53. Birchwood's false marking was done for the purpose of deceiving, and with the intent to deceive, the public because the patent markings were and are a misrepresentation regarding the patent status of the Shoot•N•C® target products and Birchwood had knowledge of this falsity.

54. Birchwood knew that its Shoot-N-C® Bull's Eye, Silhouette, Sight-In, and Display target products were falsely marked.

55. Birchwood's false marking was done with bad faith and malice or reckless indifference to BTI's and consumers' interests.

56. Birchwood's bad faith false marking of its Shoot•N•C® target products makes this an exceptional case within the meaning of 35 U.S.C. § 285.

11- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19233862.7
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 11 of 16

57. Birchwood continues to mark falsely its Shoot•N•C® target products and, unless enjoined by this Court, will continue to mark falsely.

58. Birchwood should be fined in an amount up to $500 for each item marked falsely since February 23, 1993 (the issue date of the '371 patent), pursuant to 35 U.S.C. § 292. BTI is entitled to one-half the penalty levied against Birchwood, with the other half to the use of the United States.

## SECOND CLAIM FOR RELIEF:
## LANHAM ACT FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

59. BTI repeats and re-alleges the allegations of paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Birchwood's association of its unpatented products with the phrase "patented," or with the '371 and '063 patent markings, constitutes a false or misleading representation of fact regarding the patent status of its marked products.

61. Birchwood's use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Birchwood's goods.

62. Birchwood's use of false or misleading representations of fact has the tendency to deceive a substantial portion of the target consumer audience, or actually deceives the target consumers.

63. Birchwood's false or misleading representations of fact are material because they are likely to influence the purchasing decision of the target consumers.

12- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19238860.2
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 12 of 16

64. Birchwood's falsely or misleadingly represented products are advertised, promoted, sold and distributed in interstate commerce.

65. BTI has been and continues to be injured by Birchwood's false or misleading representations of fact through the diversion of sales or loss of goodwill.

66. Birchwood knows that its representations of fact are false or misleading.

67. Birchwood's false or misleading representations of fact were done with bad faith and malice or reckless indifference to BTI's and consumers' interests.

68. Birchwood's bad faith false or misleading representations of fact regarding the patented status of its products makes this an exceptional case within the meaning of 15 U.S.C. § 1117.

69. Birchwood continues to make false or misleading representations of fact regarding the patented status of its products and will continue to do so unless enjoined by this Court as provided by 15 U.S.C. § 1116.

70. BTI is entitled to an award of Birchwood's profits due to sales of the falsely or misleadingly represented products, any damages sustained by BTI, and the costs of the action, pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF: MISSOURI COMMON LAW UNFAIR COMPETITION

71. BTI repeats and re-alleges the allegations of paragraphs 1 through 70 of the Complaint as if fully set forth herein.

13- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19283862.1
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 13 of 16

72.     Birchwood's association of its unpatented products with the phrase "patented," or with the '371 or '063 patent markings, constitutes a misrepresentation of the nature of its products.

73.     Birchwood knows that its representations of fact are false and misleading.

74.     Birchwood's misrepresentations are calculated to deceive consumers under the ordinary conditions which prevail in the shooting goods trade.

75.     Birchwood's false or misleading representations of fact will have the natural and probable result of deceiving a portion of the target consumer audience.

76.     BTI has been and will continue to be injured by Birchwood's false or misleading representations of fact through the diversion of sales or loss of goodwill.

77.     Birchwood's false or misleading representations of fact were done with bad faith and malice or reckless indifference to BTI's and consumers' interests.

## PRAYER FOR RELIEF

Wherefore, BTI respectfully requests that the Court enter judgment in its favor and against Birchwood on its claims as follows:

a)     Granting injunctive relief enjoining Birchwood and its officers, agents, employees, and all persons or entities in active concert or participation with it, from further false marking of Birchwood's Shoot-N-C®, Dirty Bird® and Big Burst™ products;

b)     Granting injunctive relief ordering the destruction of Birchwood articles and packaging bearing false patent marks;

14-    COMPLAINT FOR FALSE MARKING, FALSE
       ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

43010-0018/LEGAL19233862.7
1075.1

Case 2:10-cv-04224-NKL    Document 1    Filed 10/13/10    Page 14 of 16

c) Awarding damages to BTI adequate to compensate BTI for Birchwood's acts of false marking and unfair competition, together with pre-judgment and post-judgment interest thereon;

d) Imposing a statutory penalty against Birchwood of up to $500 per falsely-marked article, with one-half of the penalty amount being awarded to BTI and one-half of the penalty amount being for the use of the United States;

e) Awarding to BTI the profits earned by Birchwood from sales of the Shoot-N-C®, Dirty Bird® and Big Burst™ products, in an amount that will be proved at trial;

f) Finding this to be an exceptional case pursuant to 35 U.S.C. § 285;

g) Finding this to be an exceptional case pursuant to 15 U.S.C. § 1117;

h) Increasing the amount of damages awarded to BTI to three times the amount found or assessed by this Court because of the willful and deliberate nature of Birchwood's acts, pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

i) Awarding to BTI its reasonable attorney fees incurred in this action;

j) Awarding to BTI its costs incurred in this action;

k) Granting such other and further relief as this Court may deem just and proper.

15- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19283860.2
1075.1

Case 2:10-cv-04224-NKL   Document 1   Filed 10/13/10   Page 15 of 16

## JURY TRIAL DEMAND

BTI respectfully demands a trial by jury on all claims and issues so triable.

DATED: October 13, 2010

**POLSINELLI SHUGHART PC**

**By: /s/Michael A. Dallmeyer #26513**
    Mdallmeyer@polsinelli.com
    221 Bolivar Street
    Suite 300
    Jefferson City, MO 65102
    Telephone: 573-636-8135
    Facsimile: 573-636-5226

Of Counsel:

**PERKINS COIE LLP**

Paul T. Fortino, OSB No. 832010 (pro hac vice application to be filed)
PFortino@perkinscoie.com
Scott D. Eads, OSB No. 910400 (pro hac vice application to be filed)
SEads@perkinscoie.com
Julia E. Markley, OSB No. 000791 (pro hac vice application to be filed)
JMarkley@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff Battenfeld Technologies, Inc.

16- COMPLAINT FOR FALSE MARKING, FALSE ADVERTISING, AND UNFAIR COMPETITION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

43010-0018/LEGAL19238860.2
1075.1

Case 2:10-cv-04224-NKL Document 1 Filed 10/13/10 Page 16 of 16